IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA J. McGILL, )
 )
          Plaintiff, )
 )
v. ) Case No. 13-2568-JWL
 )
DIVERSIFIED CONSULTANTS, INC., )
 )
          Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Doc. # 6). For the reasons set forth below, the motion is **denied**.

### **I.    Governing Standards**

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The

Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II.  **Plaintiff's Complaint**

Plaintiff asserts a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Plaintiff alleges the following facts: Plaintiff's personal telephone account with T-Mobile went into default, and the account was transferred to defendant, a collection agency, for collection of the amount due. Plaintiff filed an action against defendant under the FDCPA, and the parties entered into a settlement agreement under which defendant agreed "to purchase and permanently forgive" the alleged debt and agreed that it would not "seek to collect upon, sell or transfer this alleged debt in the future." Subsequently, defendant "falsely communicated to T-Mobile and/or another collection agency that the debt was still owed," and plaintiff has been pursued by another collection agency for the same debt that was the subject of the settlement agreement with defendant. Plaintiff alleges that defendant violated Sections 1692e of the FDCPA, and

2

he seeks actual damages (including for emotional distress), statutory damages, and attorney fees under that statute.

### III. Analysis

#### A. *Applicable Statutory Provisions*

Plaintiff claims violations of the preface and paragraph (8) of Section 1692e of the FDCPA, which provide as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e. Defendant does not dispute in this motion that it is a "debt collector" for purposes of the FDCPA. *See id.* § 1692a(6) (defining "debt collector"). "Debt" is defined by the statute to include both actual and alleged obligations. *See id.* § 1692a(5) (defining "debt").

#### B. *"In Connection with the Collection of Any Debt"*

Defendant argues that plaintiff cannot maintain a plausible claim for a violation of Section 1692e of the FDCPA because the alleged misrepresentation—its alleged statement to T-Mobile and/or another collection agency that plaintiff still owed the

3

debt—was not made "in connection with the collection of any debt," as required under this section. Defendant notes plaintiff's allegations that he had settled his debt with defendant and that another collection agency pursued him, and defendant argues that one cannot plausibly infer from those allegations that *defendant* has attempted to collect a debt from plaintiff.

The Court rejects this argument. Defendant cites authority for the proposition that "for a communication to be in connection with the collection of a debt [under the FDCPA], an animating purpose of the communication must be to induce payment by the debtor." *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 266 (3d Cir. 2013) (quoting *Grden v. Leiken Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011)). Defendant has cited no authority, however, supporting its position that an act may only be "in connection with" the collection of a debt under the FDCPA if the actor was *itself directly* trying to collect a debt from the plaintiff. The language of the statute contains no such limitation. There is no requirement, for instance, that the "collection" needs to be by the defendant "debt collector" and cannot be by or through another collection agency. As this case is at the pleading stage, the details of defendant's alleged misrepresentation to T-Mobile or the other collection agency, including any incentive defendant may have had and any direct or indirect benefit it may have expected, as well as the details of the other agency's pursuit of plaintiff, are unknown.

Plaintiff has alleged that defendant misrepresented to the creditor or to another collection agency that a debt still existed, despite defendants' settlement of that debt with

4

plaintiff, and that another collection agency did pursue plaintiff for that debt. Thus, in the absence of authority foreclosing a claim under such facts, the Court cannot say that plaintiff has not stated a plausible claim that defendant made a misrepresentation in connection with the collection by someone of a debt. Accordingly, the Court rejects this argument at this stage, and it denies this portion of the motion to dismiss.

### C. *"Credit Information"*

Defendant next argues that plaintiff cannot maintain his claim under Section 1692e(8) of the FDCPA because he has not stated a plausible claim that defendant communicated "credit information" to anyone, as required by the statute. Defendant notes that plaintiff has alleged only that it communicated that plaintiff's debt was still owing. Defendant has not cited to any authority, however, defining "credit information" for purposes of the FDCPA (the term is not defined in the statute). Nor has defendant explained why the status of the alleged debt could not constitute "credit information" under the statute. Indeed, paragraph (8) specifically provides that its enumerated violation includes "the failure to communicate that a disputed debt is disputed." *See* 15 U.S.C. § 1692e(8).

Plaintiff has alleged that defendant told others that his debt was still owing. Thus, plaintiff has stated a plausible claim that defendant spoke to others about a debt but failed to communicate that the debt was disputed, in violation of paragraph (8). Accordingly, the Court denies this position of defendant's motion to dismiss.

### D. *Whether the Claim Is Foreclosed by the Settlement Agreement*

5

Finally, defendant argues that plaintiff's actual complaint is that defendant breached of the parties' settlement agreement, which by its terms must preclude plaintiff's assertion of a claim relating to this debt. Defendant has not pointed to any language in that agreement, however, by which plaintiff released or agreed not to pursue claims based on future violations of the FDCPA; in fact, the agreement includes only plaintiff's release of *past* claims (those "from the beginning of time through the date of execution" of the agreement). Contrary to defendant's suggestion, plaintiff is not relitigating the subject of the prior suit between the parties; rather, plaintiff is asserting a claim that defendant violated the FDCPA by engaging in specific conduct after the settlement of the prior suit. In the absence of any clear waiver by plaintiff of such a claim, the Court will not dismiss plaintiff's statutory claim. Defendant's motion to dismiss is denied in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 6) is hereby **denied**.

IT IS SO ORDERED.

Dated this 4th day of February, 2014, in Kansas City, Kansas.

<span style="margin-left:3em"></span>s/ John W. Lungstrum
John W. Lungstrum
United States District Judge